# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM CRAFTON and
MEREDITH BENSON

    Plaintiffs,

  v.                                  Case No. 12-CV-602

LAW FIRM OF JONATHAN B. LEVINE,

    Defendant.

## ORDER ON PLAINTIFFS' MOTION TO DISQUALIFY DEFENSE COUNSEL AND ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES ON MOTION TO COMPEL THE DEPOSITION OF MEREDITH BENSON

This is an action under the Fair Debt Collection Practices Act. On March 15, 2013, the plaintiffs filed a motion to disqualify the defendant's attorney, Adam Bazelon. (Docket # 14.) The motion has been fully briefed and, for the reasons explained below, is denied. Subsequently, on March 22, 2013, the defendant, the Law Firm of Jonathan B. Levine, filed a motion to compel the deposition of plaintiff Meredith Benson pursuant to Fed. R. Civ. P. 37. The defendant also requested attorney's fees. At a status conference held on March 28, 2013, the Court granted the motion to compel and took the motion for attorney's fees under advisement. (Docket # 17.) For the reasons stated below, the motion for attorney's fees is denied.

## MOTION TO DISQUALIFY

Plaintiffs move to disqualify defense counsel Adam Bazelon, who is an employee of the defendant, the Law Firm of Jonathan B. Levine. Plaintiffs argue that defense counsel must be disqualified because he is a necessary witness as to plaintiffs' claims and as to defenses in this action.

Defendant responds that the law firm has the right under federal law to represent itself; that Bazelon is not a necessary witness; that Bazelon's testimony does not involve contested issues; and that disqualifying Bazelon would be a substantial hardship on the two-attorney law firm.

Generally, on motions to disqualify counsel as presented here, federal courts apply state rules of professional conduct. *See, e.g.*, *Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 964 (7th Cir. 1999) (applying Wisconsin Supreme Court Rule 3.5). Accordingly, the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys govern in this Court. Under the Wisconsin rule, when a lawyer is necessary as a witness at trial, he should disqualify himself as an advocate. *See* Wisc. Sup. Ct. R. 20:3.7; *see also State v. Foy*, 206 Wis.2d 629, 646, 557 N.W.2d 494, 500 (Ct. App. 1996); *In re Elvers' Estate*, 48 Wis.2d 17, 23, 179 N.W.2d 881, 884 (1970). This is so because the roles of lawyer and witness are incompatible. "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others." Wis. Sup. Ct. R. 20:3.7, cmt. [2].

In this case, the grounds for the motion to disqualify Attorney Bazelon have been mooted by this Court's decision on the parties' motions for summary judgment. (Docket #37.) The plaintiffs were granted summary judgment on both of their claims. The court also found that there were insufficient facts to support a *bona fide* error defense. As a result, any claim that Attorney Bazelon is a necessary witness to plaintiffs' claims or to the *bona fide* error defense is moot.

## MOTION FOR ATTORNEY'S FEES

In its motion to compel, the defendant requested that this Court award reasonable attorney's fees. As noted above, the Court granted the motion to compel at a status conference on March 28, 2013. Fed. R. Civ. P. 37(a)(5) provides that where a discovery motion is granted, "the court must,

- 2 -

after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, there are exceptions to this requirement. Particularly, where "circumstances make an award of expenses unjust," the "court must not order this payment." Fed. R. Civ. P. 37(a)(5)(A), (a)(5)(A)(iii). In the present case, the award of attorney's fees and expenses would be unjust. On March 15, 2013, a week before the defendant filed its motion to compel, the plaintiffs filed a motion to extend the discovery deadline, explaining that the deposition of Meredith Benson had not yet been scheduled and that the plaintiffs wished to depose Attorney Adam Bazelon. The defendant objected to this motion and filed the motion to compel. Based on this record, it does not appear that either party was acting in bad faith or with the purpose to unduly delay the litigation. Therefore, it would be unjust to award costs and attorney's fees to the defendant, and the motion is thus denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' motion for disqualification of attorney Adam Bazelon (Docket # 14) is **DENIED**.

**IT IS ALSO ORDERED** that the defendant's motion for attorney's fees on its motion to compel (Docket # 15) is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of July, 2013.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge